IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAWN WRINN, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>THE CITY OF DOTHAN, ALABAMA, )<br>)<br>    Defendant. ) | CASE NO.: 1:16-cv-1011-MHT-GMB<br>[WO] |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate. Doc. 3. On December 30, 2016, Plaintiff Dawn Wrinn, proceeding *pro se*, brought this action alleging age, disability, and gender discrimination during her employment with Defendant City of Dothan. Doc. 1. Now before the court is the City's motion for summary judgment, filed on September 3, 2017. Doc. 35.

On September 14, 2017, this court issued an Order giving Wrinn until September 28, 2017 to file a response to the motion, and to include evidentiary materials. Wrinn did not file a timely response. On October 6, 2017, Wrinn filed a response to the motion. This court issued an Order on October 6, 2017, striking Wrinn's response as untimely, but giving her until October 18, 2017 to file a motion for leave to file her response. Doc. 41. Wrinn did not file a response to the court's Order. In its Reply in support of its motion, the City urges the court to grant summary judgment on that basis, and on the grounds articulated in its initial brief.

After consideration of the City's submissions and the applicable law, the undersigned RECOMMENDS that the motion for summary judgment (Doc. 35) be GRANTED, and that all claims be DISMISSED with prejudice.

## I.  JURISDICTION AND VENUE

The court has subject-matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).  The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations to support both.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute of material fact is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).  In responding to a properly supported motion for summary judgment, the non-moving party

"must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Indeed, the non-movant must "go beyond the pleadings" and submit admissible evidence demonstrating "specific facts showing that there is a genuine [dispute] for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted). If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249−50 (citations omitted).

When a district court considers a motion for summary judgment, it "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the non-movant." *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008) (citation and internal quotation marks omitted). The court's role is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1315 (11th Cir. 2007) (citation omitted). Importantly, if the non-movant "fails to adduce evidence which would be sufficient . . . to support a jury finding for the non-movant, summary judgment may be granted." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370 (11th Cir. 1997) (citation omitted).

### III.  STATEMENT OF FACTS

The facts, viewed in a light most favorable to the non-movant, are as follows:

Wrinn was hired by the City in September 1990.  At the time of her hire, Wrinn received a copy of the City's employment policies from the Personnel Department. Under City policy, there is disciplinary progression.  When a disciplinary action could result in dismissal, the department head conducts a determination hearing and within three days of the hearing renders a decision and serves notification of that decision. Doc. 35-1 at 101.

Wrinn received a notice of discipline from her employer in April 2008 and December 2008. Doc. 35-1 at 117–20.  In September 2014, Wrinn received a formal counseling for an offense which constituted her first offense in the minor offense category that counted toward a determination hearing. Doc. 35-1 at 121–22.  In March of 2015, she received a written warning which was the second offense in the minor category. Doc. 35-1 at p. 140. She received her third offense in the minor category in April 2015. Doc. 35-1 at 147.

In September 2015, Wrinn became eligible for retirement because she had completed 25 years of employment with the City.

Wrinn filed a grievance in October 2015. The grievance resulted in a finding of no violation by the City. Doc. 35-1 at 156.

In November 2015, Wrinn was presented with a Performance Improvement Plan instead of a fourth disciplinary action.  In January 2016, Wrinn received a performance review for 2015 which rated her as an "unacceptable performer." Doc. 35-1 at 168.  Wrinn

4

then received a fourth disciplinary action on January 26, 2016, and was provided with a notice of a determination hearing. Doc. 35-1 at 175-80.

The subsequent hearing was attended by, among others, Kris Knight, Personnel Analyst. Knight informed Wrinn that if she were terminated, her health care benefits would end, but she would be able to elect Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") coverage. Doc. 35-2 at 5. Knight provided her with an application for retirement and told Wrinn that it was her decision whether to retire. Doc. 35-2 at 5.

Before a decision was issued regarding Wrinn's employment, Wrinn turned in her notice of retirement on February 4, 2016. Doc. 35-2 at 5.

## IV.  DISCUSSION

Wrinn brings claims of discrimination on the basis of her disability pursuant to the Americans with Disabilities Act ("ADA"), on the basis of her age pursuant to the Age Discrimination in Employment Act ("ADEA"), and on the basis of her gender pursuant to Title VII of the Civil Rights Act of 1964. The City has moved for summary judgment as to all claims, and, as earlier noted, Wrinn has not filed a timely response to that motion.

### A.  Framework for Analysis

A district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion. *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the

motion itself is supported by evidentiary materials and must review all of the evidentiary materials submitted in support of the motion for summary judgment. *Id.* The Eleventh Circuit has directed that "a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

A party asking for summary judgment pursuant to Rule 56 "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp.*, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322.

In the instant case, the City has met this burden. It has submitted evidence in the form of excerpts from Wrinn's deposition, extensive City records, and the declaration of Delvick McKay, the Personnel Director for the City.

In employment discrimination cases based only on circumstantial evidence, such as this case, courts apply the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973). *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004) (Title VII case); *Anderson v. Embarq/Spring*, 379 F. App'x 924, 929 (11th Cir. 2010) (ADEA case); *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247 (11th Cir. 2007) (ADA case).

Under this framework, Plaintiff must first establish a *prima facie* case of discrimination. *Brown v. Ala. Dept. of Transp.*, 597 F.3d 1160, 1174 (11th Cir. 2010). "If a plaintiff makes the requisite showing, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions." *Id.* at 1174. Finally, if the employer meets this burden, the plaintiff must demonstrate that the proffered reason is merely a pretext for unlawful discrimination. *Id.* For the ADEA and ADA clams, Wrinn also must show that the discriminatory reason for the adverse action is the "but for" cause. *See Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 176 (2009) (ADEA); *McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1073 (11th Cir. 1996) (ADA).

To make out a *prima facie* case, Wrinn must show that (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was treated less favorably than a similarly-situated individual outside her protected class. *Burke-Fowler v. Orange Cty., Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006). In a case such as this one, involving disciplinary action, to determine whether employees are sufficiently similarly situated, the court evaluates "whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999).

**B.     Analysis of City's Grounds for Summary Judgment**

The City does not dispute that Wrinn is a woman over the age of 40 for the purpose of its motion for summary judgment. The City also accepts for the purpose of its motion that Wrinn is disabled, although the City points out that at different times Wrinn has

identified breast cancer and stress as the source of her disability.

The City does, however, dispute other elements of the *prima facie* case of all of Wrinn's claims. The City states that Wrinn cannot show that she was subjected to an adverse employment action, because she chose to retire and was not discharged. To support its motion, the City points to evidence, such as a statement in Wrinn's deposition that she "chose retirement" over possible termination. Doc. 35-1 at 11. The City also contends that Wrinn cannot point to evidence of any similarly situated comparators because she cannot point to any other City employees who violated the rules Wrinn violated, or who received four minor disciplinary offenses of any type, but were not required to attend a determination hearing and ultimately terminated.

As noted previously, Wrinn has not filed a timely response to the City's motion. If the adverse party does not respond, summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[1]

The court has reviewed the evidentiary materials submitted by the City, including portions of Wrinn's deposition, the declaration of McKay, and the extensive documentation provided. The court does not find any genuine dispute as to any material fact upon which

---

[1] This case in which there is no timely opposition to the motion is distinct from a case in which a particular argument is not opposed. "Where a party wholly fails to respond to a summary judgment motion, the district court must make sure that it nonetheless is appropriate to enter summary judgment against the party that did not respond; in contrast, where the non-moving party fails to address a particular claim asserted in the summary judgment motion but has responded to other claims made by the movant, the district court may properly consider the non-movant's default as intentional and therefore consider the claim abandoned." *Rossi v. Fulton Cty., Ga.*, 2013 WL 1213243, at *13 (N.D. Ga. Feb. 13, 2013).

the City bases its motion.

The undisputed evidence is that the City told Wrinn that she could retire, or if the City terminated her after her determination hearing, she would have the option to purchase insurance. Wrinn stated in her letter of resignation that her choice to retire was due to the threat of the loss of health insurance. Doc. 35-1 at 181. As to the legal issue of whether choosing retirement over termination can constitute an adverse employment action, the City cites the court to persuasive authority that a decision to resign from employment is deemed voluntary where it is made in the face of a threat of termination for cause based on the employer's good-faith belief that the employee engaged in misconduct. *See Cleveland v. Jefferson Cty. Bd. of Educ.*, 2017 WL 1806826, at *9 (N.D. Ala. May 5, 2017). In this case, the court finds no genuine issue of fact which would undermine a finding of a good faith belief by the City that Wrinn had violated City workplace policy. Additionally, the Eleventh Circuit, albeit in an unpublished opinion, has held that a plaintiff who retired out of concern that she would lose her benefits if she were terminated, and not because of any behavior on the part of her employer, did not show constructive discharge. *Mitchell v. Pope*, 189 F. App'x 911, 915 (11th Cir. 2006). This court concludes, therefore, that the City has met its burden of showing that Wrinn has failed to establish an adverse employment action in the form of constructive discharge.

As to the issue of an appropriate comparator, the City has presented undisputed evidence of employees older than Wrinn, male employees, and employees with no known disability for whom the City held determination hearings following a fourth minor

9

violation. Doc. 35-2 at 6.  To support the types of claims brought here, there must be evidence that the comparator was involved in or accused of the same or similar conduct and disciplined in a different way, and the court finds no such evidence in this case. *See Maniccia*, 171 F.3d at 1368.

The court finds, therefore, that the movant has met its burden and that Wrinn cannot establish a *prima facie* case of discrimination on the basis of gender, age, or disability.

In addition to pointing to a lack of a *prima facie* case, the City argues that Wrinn cannot establish that its proffered explanation is pretextual. To the extent that Wrinn takes the position that the City's reliance on the disciplinary notices she received is pretextual because the discipline was unwarranted, her position does not establish pretext under the law in the Eleventh Circuit.  An "employer's good faith belief" that the employee violated the employer's rules, even if there was no rule violation, is a legitimate nondiscriminatory reason for a termination. *See Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1228 (11th Cir. 1993).  Again, the court finds no genuine issue of fact which would undermine a finding of a good faith belief by the City that Wrinn had violated City workplace policy.

Accordingly, the court concludes that there is no genuine issue of material fact and that the movant has established that it is entitled to judgment as a matter of law on Wrinn's claims for gender, disability, and age discrimination.

## V. CONCLUSION

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that the motion for summary judgment (Doc. 35) be GRANTED, and that all claims

asserted by Plaintiff Dawn Wrinn be DISMISSED with prejudice.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation not later than **July 3, 2018**.  Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this report and recommendation is not a final order of the court, and therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the part from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest justice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on the 19th day of June, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE